731 P.2d 1341

**Delora DURAN, Plaintiff-Appellant,**

v.

**ALBUQUERQUE PUBLIC SCHOOLS,**
**self-insured employer,**
**Defendant-Appellee.**

**No. 9354.**

Court of Appeals of New Mexico.

Nov. 12, 1986.

Certiorari Denied Jan. 26, 1987.

J. Michele Guttmann, Freedman, Boyd & Daniels, P.A., Albuquerque, for plaintiff-appellant.

John S. Campbell, Johnson and Lanphere, P.C., Albuquerque, for defendant-appellee.

## OPINION

ALARID, Judge.

In this case, the worker, Ms. Delora Duran, appeals from the district court's determination that the amount of her maximum weekly worker's compensation benefits should be calculated on the basis of a fifty-two-week work year rather than on the basis of the forty-week work year which she actually works under the terms of her contract with Albuquerque Public Schools. On appeal, only one issue is raised: whether the trial court correctly calculated the worker's compensation rate under NMSA 1978, Section 52–1–20. For the reasons stated in this opinion, we affirm the trial court.

## FACTS

Appellant Delora Duran suffered an accidental back injury on December 17, 1982, in the course and scope of her employment as an educational aide with appellee Albuquerque Public Schools (APS). Ms. Duran had been employed by APS for eighteen years and was being paid an annual salary of $8,661 for her work during the 1982–83 school year. The parties have stipulated that Ms. Duran was 100% disabled from her employment, as a result of her injury, for a total of thirty-eight weeks and was otherwise 20% disabled through the date of judgment.

Ms. Duran received a total of $2,506.30 in worker's compensation benefits to compensate her from the date of her injury through the end of the 1982–83 school year. APS paid those benefits at a weekly compensation rate of $111.04 and a daily rate of $15.86. Ms. Duran's weekly wage basis was derived by dividing her salary for the school year by fifty-two weeks; her daily wage basis was calculated by further dividing that weekly amount by seven days.

Ms. Duran's employment with APS was governed by regulations promulgated by the New Mexico State Board of Education and various state statutes, as well as a written collective bargaining agreement.

The collective bargaining agreement directed that her salary of $8,661 for the 1982–83 school year be distributed in twelve equal installments. Although she was paid on a year-round basis, her paychecks compensated her only for her services during the approximately forty-week period encompassing the 182 work days during the school year. The collective bargaining agreement did not provide any other options regarding the schedule of salary distribution.

Ms. Duran brought this action against APS to recover worker's compensation benefits for past, present and future disability; medical benefits; and attorneys' fees and costs. The complaint was filed on February 15, 1984.

On December 6, 1985, the parties entered into a stipulation of facts narrowing their dispute to a single issue concerning the proper compensation rate, which they agreed could be decided by the court as a matter of law. Ms. Duran argued that APS had unlawfully and arbitrarily calculated her weekly wage at an artificially low level based upon a twelve-month, 365–day work year and that her benefits should properly have been figured according to her actual employment term covering only the forty-week school year. If Ms. Duran's worker's compensation benefits were to have been calculated on that basis, her maximum weekly benefits would have been $144.35, in contrast to APS's maximum payments of $111.04.

Pursuant to the stipulation, the district court decided the rate issue on the basis of the pleadings and written submissions of the parties. On May 28, 1986, the district court entered judgment in favor of APS on the rate calculation, and otherwise in accordance with the stipulation of facts already entered. Ms. Duran filed her appeal from that decision on June 9, 1986.

On appeal, Ms. Duran challenges the district court's conclusion that the amount of her maximum weekly worker's compensation benefits is $111.04. Ms. Duran con-

tends that her maximum weekly worker's compensation benefits should instead be $144.35, which represents her legal compensation rate figured according to legal principles and which more fairly reflects her actual salary level.

## DISCUSSION

In New Mexico, the "average weekly wage" for the purpose of computing compensation payments is determined by statute. Section 52-1-20 provides in pertinent part:

A. [W]henever the term "wages" is used, it shall be construed to mean the money rate at which the services rendered are recompensed under the contract of hire in force at the time of the accident, either express or implied * * * *

B. [A]verage weekly wages for the purpose of computing benefits provided in the Workmen's Compensation Act shall, except as hereinafter provided, be calculated upon the monthly, weekly, daily, hourly, or other remuneration which the injured or killed employee was receiving at the time of the injury, and in the following manner, to wit:

(1) [W]here the employee is being paid by the month for his services under a contract of hire, the weekly wage shall be determined by multiplying the monthly wage or salary at the time of the accident by twelve and dividing by fifty-two * * * *

C. [P]rovided, further, however, that in any case where the foregoing methods of computing the average weekly wage of the employee by reason of the nature of the employment ... or where for any other reason said methods will not fairly compute the average weekly wage; in each particular case, computation of the average weekly wage of said employee [shall be made] in such other manner and by such other method as will be based upon the facts presented [to]

fairly determine such employee's average weekly wage * * * *

■ We hold that the language of Section 52-1-20(A) and (B) is clear. The average weekly wage of an injured employee is based on the salary which the injured employee is receiving at the time of the injury pursuant to his or her contract for hire. In Duran's case, this requires that her compensation be based on a fifty-two week work year.

■ The New Mexico Workmen's Compensation Act creates rights, remedies and procedures which are exclusive. *Anaya v. City of Santa Fe,* 80 N.M. 54, 451 P.2d 303 (1969); *see Taylor v. Delgarno Transportation, Inc.,* 100 N.M. 138, 667 P.2d 445 (1983). It is the duty of both the trial court and this court to see the fulfillment of the statutory purpose within the framework of the facts presented and the law. *See Livingston v. Loffland Brothers Co.,* 86 N.M. 375, 524 P.2d 991 (Ct.App.), *cert. denied,* 86 N.M. 372, 524 P.2d 988 (1974). In *Eberline Instrument Corp. v. Felix,* 103 N.M. 422, 424, 708 P.2d 334, 336 (1985), the supreme court of New Mexico held:

* * * Section 52-1-20(A) and (B) is plain and clear and dictates that benefits should be computed on the basis of the wages the worker was earning under the contract for hire in effect at the time of the accident. Where such wages are easily calculable and fairly compute the worker's average weekly salary, then the methods for calculating benefits under Section 52-1-20(B) control * * * *

In *Eberline Instrument Corp. v. Felix,* the supreme court indicated that Section 52-1-20(C) should be reserved for "the unusual case where the workman's average weekly rate is not easily determinable." *Id.* at 425, 708 P.2d at 337. This is not such a case.

■ The facts and law are undisputed. Duran was paid monthly, pursuant to her

contract of hire in effect on the date of her injury. Duran's weekly wage was determined by APS by multiplying her monthly wage by twelve and dividing by fifty-two. The trial court upheld APS's computational method and determined Duran's average weekly wage by applying the same method. The trial court thus correctly computed Duran's average weekly wage based on the clear language of Section 52–1–20(A) and (B).

Duran also asserts that in determining her average weekly wage, the trial court should have exercised its discretion under Section 52–1–20(C) and used a computation method other than those set forth in Section 52–1–20(A) and (B). To do otherwise, Duran argues, results in a computation that is neither fair nor equitable. We do not agree.

To compute her average weekly wage as Duran suggests would result in the payment of compensation in excess of that to which she is entitled under New Mexico's statutory scheme. We agree that it would be fundamentally unfair to APS to compute Duran's weekly wage by dividing her annual salary by forty, thereby compensating her under the Workmen's Compensation Act based upon a greater weekly rate than she actually enjoyed when not disabled. Duran was compensated for the full term of her disability, through the months that she would normally not have worked, based upon the weekly wage she actually enjoyed. No unfairness results, therefore, from the application of Section 52–1–20(A) and (B).

Duran also argues that because APS normally docks pay for unexcused absences based on a nine-month work period, that it is unfair and inequitable for her workmen's compensation to be based on a fifty-two week year. We agree that APS's docking procedure is not relevant to the issue before us. What is relevant is the manner in which Duran is compensated when not disabled, and referring to that standard, Duran has been treated fairly.

The district court's judgment is affirmed.

**IT IS SO ORDERED.**

MINZNER and FRUMAN, JJ., concur.