516 A.2d 1241

Robert E. TAYNTON, Jr., Administrator of the Estate of Shelly Lyn Taynton, Deceased, Appellant,

v.

Ralph W. DERSHAM and Sandra L. Dersham, H/W, t/d/b/a Milton Sports Center, Mark Dersham, David L. Sohmer and Uni-Marts, Inc.

Superior Court of Pennsylvania.

Argued April 23, 1986.

Filed Oct. 27, 1986.

Petition for Allowance of Appeal Denied, April 20, 1987.

Raymond E. Ginn, Wellsboro, for appellant.

Jonathan E. Butterfield, Williamsport, for appellees.

Before WICKERSHAM, BROSKY and WATKINS, JJ.

WICKERSHAM, Judge:

Robert E. Taynton, Jr. appeals from the judgment on the pleadings entered by the Court of Common Pleas of Lycoming County in favor of Uni-Marts, Inc.

Appellant is the administrator of the estate of his daughter, Shelly Lyn Taynton, who was employed by Uni-Marts, Inc., appellee herein, as a retail clerk in one of appellee's convenience stores located in Williamsport. On the early morning of July 5, 1982, Ms. Taynton was at work in the store when she was shot and killed by David L. Sohmer. Appellant commenced this civil action by writ of summons on July 3, 1984, naming as defendants Sohmer, Uni-Marts, Inc., Ralph W. and Sandra L. Dersham, t/d/b/a Milton Sports Center (where Sohmer purchased the gun used in the shooting), and Mark Dersham (the clerk who sold the gun to Sohmer).

Appellant filed a complaint on September 17, 1984 against the defendants listed above. Appellee Uni-Marts, Inc. and the Dershams filed answers containing new matter, to which appellant replied. On October 23, 1984, appellee moved for judgment on the pleadings, on the basis that under the Workmen's Compensation Act, it was immune from suit. Appellant filed an answer to the motion. On March 1, 1985, the lower court entered an order granting judgment on the pleadings in favor of appellee, to which appellant filed this timely appeal.[1]

Appellant raises two issues before us:

1. Is appellee, Uni-Marts, Inc., subject to tort liability under the facts of the instant case on the basis that the doctrine of "Dual Capacity" provides that the Pennsylvania Workers' Compensation Act is not appellant's exclusive remedy under the facts of this case?

---

**1.** David Sohmer never entered an appearance in the court below. The Dershams filed an answer and new matter and are apparently still in the suit, although appellant advises us in his brief that subsequent to this appeal, he moved that the suit against the Dershams be discontinued, but that the lower court had not yet ruled on that motion.

2. Whether the exclusivity provisions of the Workers' Compensation Act as applied to a parent and personal representative of a decedent violates Article 1, Section 11 and Article 3, Section 18 of the Pennsylvania Constitution, and the Fourteenth Amendment to the Constitution of the United States?

Brief for Appellant at 3.

Our court recently summarized our standard of review on an appeal from the granting of judgment on the pleadings:

Initially we note that to determine the propriety of awarding judgment on the pleadings, we must accept as true all well-pleaded statements of fact of the party against whom the motion is granted and consider against him only those facts that he specifically admits. *West Penn Administration Inc. v. Pittsburgh National Bank,* 289 Pa.Super. 460, [467], 433 A.2d 896, 900 (1981) (citations omitted); *Zelik v. Daily News Publishing Co.,* 288 Pa.Super. 277, 431 A.2d 1046 (1981); *see also Wojciechowski v. Murray,* 345 Pa.Super. 138, 497 A.2d 1342 (1985). The parties cannot be deemed to admit either conclusions of law or unjustified inferences. *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979); *West Penn,* 289 Pa.Super. at [468], 433 A.2d at 900.

We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise. *Gallo v. J.C. Penney Casualty Insurance Co.,* 328 Pa.Super. 267, 476 A.2d 1322 (1984); *see also Bata v. Central-Penn National Bank of Philadelphia,* 423 Pa. 373, 224 A.2d 174 (1966), *cert. denied,* 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed.2d 433 (1967); *Wojciechowski,* 345 Pa.Super. at [139], 497 A.2d at 1343. In conducting this inquiry, the court should confine its consideration to the pleadings and documents attached thereto. *Gallo,* 328 Pa.Super. at [270], 476 A.2d at 1324.

*Jones v. Travelers Insurance Co.,* 356 Pa.Super. 213, 217, 514 A.2d 576, 578 (1986) (footnote omitted).

With the above standard in mind, we have carefully reviewed the record in this case, the briefs of the parties, and the applicable law, and have concluded that appellant's second contention concerning the constitutionality of the exclusivity provisions of the Workmen's Compensation Act, has been adequately addressed by the opinion of the Honorable Clinton W. Smith, and we see no need to address it further. While we also concur with Judge Smith's handling of the first issue, we will address it for benefit of the bench and bar.

Appellant contends that despite its status as the decedent's employer, appellee is subject to tort liability under the "dual capacity doctrine." Appellant's argument that appellee is not immune from suit by virtue of the Workmen's Compensation Act can be briefly summarized as follows: At the time Shelly Lyn Taynton was shot and killed by David Sohmer, she was present as an employee in appellee's convenience store. Appellant alleges that appellee breached its duty to provide adequate security to prevent violent criminal acts at its store. This duty of security was owed to employees and patrons alike. Therefore, despite the Act, appellee is liable in tort for Ms. Taynton's death by virtue of the "dual capacity doctrine," as recognized in *Tatrai v. Presbyterian University Hospital*, 497 Pa. 247, 439 A.2d 1162 (1982).

Initially, we must turn to the language of the Workmen's Compensation Act.[2] Section 303 of the Act, 77 P.S. § 481, provides as follows:

**481. Exclusiveness of remedy; actions by and against third party; contract indemnifying third party**

(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account

---

**2.** Act of June 2, 1915, P.L. 736, art. 1, § 101 *et seq.*, as amended, 77 P.S. § 1 *et seq.*

of any injury or death as defined in section 301(c)(1) and (2)[1] or occupational disease as defined in section 108.[2]

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

---

[1] Section 411(1), (2) of this title.
[2] Section 27.1 of this title.

77 P.S. § 411(1), referred to in the above section, provides, in pertinent part, as follows:

**§ 411.  "Injury," "personal injury," and "injury arising in the course of his employment" defined**

(1) The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, ... arising in the course of his employment and related thereto, ... and wherever death is mentioned as a cause of compensation under this act, it shall mean only death resulting from such injury and its resultant effects, and occurring within three hundred weeks after the injury.  The term "injury arising in the course of his employment," as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include

all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

■ Thus, as we can see by the above language, the Workmen's Compensation Act provides an exclusive remedy for recovery by employees injured in the course of their employment. The purpose of the Act is to provide the sole and exclusive means of recovery for all injuries arising out of accidents occurring within the course of employment. *Hartwell v. Allied Chemical Corp.*, 320 F.Supp. 75 (W.D. Pa.1970); *aff'd*, 457 F.2d 1335 (3d Cir.1972). The exclusive liability provision of the Act has obliterated the common law cause of action against the employer and foreclosed the adjudication of liability on the part of the employer. *Kosowan v. MDC Industries, Inc.*, 319 Pa.Super. 91, 465 A.2d 1069 (1983); *Heckendorn v. Consolidated Rail Corp.*, 293 Pa.Super. 474, 439 A.2d 674 (1981), *aff'd*, 502 Pa. 101, 465 A.2d 609 (1983). Furthermore, the exclusivity of workmen's compensation is not destroyed, nor does the employee acquire additional remedies, merely because the provisions of the Act fail to provide what the employee deems to be adequate or full compensation for the injuries sustained. *Kline v. Arden H. Verner Co.*, 307 Pa.Super. 573, 453 A.2d 1035 (1982), *aff'd*, 503 Pa. 251, 469 A.2d 158 (1983).

■ It is admitted that appellee was Ms. Taynton's employer and that she was on her employer's premises acting in the furtherance of her employer's business at the time of her death. There is no allegation that she was killed by Sohmer for reasons personal to her. It was simply her misfortune to be minding the store at the time Sohmer entered. As a result, the exclusive remedy provisions of

section 481 apply, and appellant's sole remedy against appellee is under the Workmen's Compensation Act.

■ Under the "dual capacity doctrine," however, an employer normally shielded from tort liability by the above exclusive remedy provisions may become liable in tort to its own employee if it occupies, in addition to its capacity as employer, a second capacity that confers upon it obligations independent of those imposed upon it as employer. *Budzichowski v. Bell Telephone Co. of Pennsylvania*, 503 Pa. 160, 469 A.2d 111 (1983); *Kosowan v. MDC Industries, Inc., supra; Silvestri v. Strescon Industries, Inc.*, 312 Pa.Super. 82, 458 A.2d 246 (1983).

> The dual capacity doctrine is premised on the fact that an employee retains his right to sue a third-party tortfeasor regardless of the existence of the workers' compensation remedy. A third-party tortfeasor's relationship to an injured worker is the same as that between any two parties to a common law suit. Thus an employer who causes injury to an employee through acts taken in a capacity outside the employment relationship is likened to a third party. The dual capacity doctrine does not abrogate the exclusivity provision. Instead, the doctrine construes the employer in his second capacity to be "someone other than the employer" for the purposes of the act. The duty of care owed by the employer in his second capacity is viewed as a duty external to the employer-employee relationship. The purpose of workers' compensation is to compensate only for losses resulting from risks which are inherent in the employment. When, however, the risks arise from a separate and distinct relationship, such as manufacturer-consumer, the employer-employee relationship becomes coincidental. Under this theory, for example, an employer who is not subject to suit for negligence in his role as an employer may be liable for injuries arising from a separate and distinct relationship, such as manufacturer-consumer.

Comment, *The Dual Capacity Doctrine: Piercing the Exclusive Remedy of Workers' Compensation,* 43 U. Pitts. L.Rev. 1013, 1017 (1982) (footnote omitted).

Appellant contends that first, by its decision in *Tatrai v. Presbyterian University Hospital, supra,* the majority of the Supreme Court of Pennsylvania adopted the "dual capacity doctrine," and second, the instant case falls under that doctrine.

In *Tatrai,* an operating room technician became ill during working hours. Her supervisor directed that she go to the hospital emergency room for treatment. While in the emergency room, she suffered a fall due to a defective piece of equipment and sustained injuries. In holding that she could proceed in tort against the hospital even though the Workmen's Compensation Act appeared to bar the suit, the court stated:

> The sole reason appellant went to the emergency room was for treatment of her illness. Upon her arrival to the emergency facility, Ms. Tatrai was treated as a paying patient and like any other member of the general public. Since Ms. Tatrai's presence in the emergency room was not in furtherance of the affairs of her employer and was not required by reason of her employment, we must conclude that Workmen's Compensation is not her exclusive remedy. There is no reason to distinguish appellant from any other member of the public injured during the course of treatment. The risk of injury which appellant suffered was a risk to which any member of the general public receiving like treatment would have been subjected. The occurrence of the injury was not made more likely by the fact of her employment.

*Id.* 497 Pa. at 255, 439 A.2d at 1166.

In a concurring opinion by Justice Roberts, which was joined by three other justices, the focus was not on whether the employee was within the scope of her employment at the time of the injury, but on whether the injury arose outside of the employer-employee relationship.

[W]hether appellant's injury arose in the course of employment is irrelevant to appellant's right to proceed in trespass and assumpsit. All that is relevant is that appellant was injured in the course of receiving treatment in appellee's emergency room, a facility serving the general public. In holding itself out to the public as a provider of medical services, appellee hospital owed a duty to all its patients. There is no basis for distinguishing appellant, a paying customer, from any other member of the public injured during the course of treatment.

*Id.*, 497 Pa. at 255–56, 439 A.2d at 1166 (concurring opinion by Roberts, J.).

Thus, a plurality of the court held in *Tatrai* that the only relevant fact was that the employee was injured in the course of receiving treatment in the hospital-employer's emergency room, which was a facility serving the general public. Since the hospital's emergency room owed a duty of care to all its patients, the "issue could be decided without regard to the Act." *Silvestri v. Strescon Industries, Inc., supra.* Although it remains unclear from the handful of cases that have since discussed *Tatrai* whether the dual capacity doctrine was in fact adopted by the *Tatrai* court, it appears that the federal courts interpreting Pennsylvania law, and the Pennsylvania Supreme Court in *Budzichowski,* supra, have accepted Justice Roberts' concurring opinion as binding. *See Weldon v. Celotex Corp.,* 695 F.2d 67 (3d Cir.1982); *Koslop v. Cabot Corp.,* 622 F.Supp. 222 (M.D.Pa. 1985); *Colombo v. Johns-Manville Corp.,* 601 F.Supp. 1119 (E.D.Pa.1984); *Budzichowski v. Bell Telephone Co. of Pennsylvania, supra; Silvestri v. Strescon Industries, Inc., supra. But see Oyster v. Johns-Manville Corp.,* 568 F.Supp. 83 (E.D.Pa.1983); *Kosowan v. MDC Industries, Inc., supra.*

■ Assuming, *arguendo,* that *Tatrai* did adopt the "dual capacity doctrine," we find that it does not apply to the facts of this case. *Tatrai* arose under unique circumstances in that a service provided by the hospital was used

by one of its employees, causing the employee injuries. In that the service provided to the employee was not provided by the hospital in its capacity as employer, the court found that workmen's compensation immunity did not bar a civil action.[3]

In the instant case, the dual capacity urged upon us is that of employer/employee and store owner/patron. While we can envision a situation where appellee could have been acting in its dual capacity as store owner, such was not the case herein. There was no relationship between appellee's activities in the marketing and sale of its goods to the general public and Ms. Taynton's death resulting from her presence at the store as an employee at the time Sohmer entered it. Her injuries resulted from the fact that she was on the job performing her duties as a retail clerk. These are precisely the type of injuries which the legislature intended to include within the exclusive remedy provisions of the Act. *Kosowan v. MDC Industries, Inc., supra.*

If the decedent had returned to the store after her working hours to purchase an item, or even if she had been on duty, i.e., working in the store, but as a paying customer, was purchasing a product from the store, this case would more closely parallel the facts of *Tatrai.* In either case, she would have been using the service provided by appellee, just as any other member of the public would have, and any injuries suffered as a result of that use would likely fall under the *Tatrai* dual capacity doctrine. But here, the decedent was not in the store as a customer, but rather solely as an employee. Appellee was not operating in a dual capacity but rather only in its capacity as employer of the decedent. Thus, its liability is circumscribed by the Act, and the lower court properly entered judgment in appellee's favor.

Judgment affirmed.

**3.** One federal court interpreting Pennsylvania law has noted that *"Tatrai* has been consistently limited to its facts." *Koslop v. Cabot Corp.,* 622 F.Supp. 222, 226 (M.D.Pa.1985).