529 A.2d 68

Stephen D. Sutmire *v.* Theodora Andrews and Harry N. Andrews *v.* The Municipality of Monroeville. Theodora Andrews and Harry N. Andrews, Appellants.

Argued May 19, 1987, before Judges MACPHAIL and DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Louis C. Long, Meyer, Darragh, Buckler, Bebenek and Eck,* for appellants.

*Mark F. McKenna, Mazzotta & Winters, P.C.,* for appellee, Municipality of Monroeville.

OPINION BY JUDGE DOYLE, July 29, 1987:

Theodora and Harry Andrews (Appellants) appeal from an order of the Court of Common Pleas of Allegheny County, which granted summary judgment to the Municipality of Monroeville (Monroeville) in Appellant's third-party action against Monroeville. We affirm.

On March 12, 1983, Stephen D. Sutmire (Sutmire), a Monroeville police officer, was on patrol when his po-

lice vehicle was struck by a vehicle driven by Theodora Andrews. The cause of the accident was allegedly due to the Appellant's vehicle hitting a patch of ice on the road. Sutmire received workmen's compensation benefits from Monroeville.

Sutmire then filed suit against Appellants, alleging that Theodora Andrews had negligently struck his vehicle. Appellants answered, contending that the collision was unavoidable due to the icy condition of the roadway on which both vehicles were travelling. Appellants subsequently joined Monroeville as an additional defendant, alleging that Monroeville had negligently failed to remove ice and snow from the roadway or to salt or cinder the roadway.

Monroeville moved for summary judgment on the basis that Appellants' third-party complaint was barred by Section 303(b) of The Pennsylvania Workmen's Compensation Act (Act).[1] Appellant defended on the basis that Monroeville occupied a dual capacity vis-a-vis Sutmire, in that it owed him the same duty of care as that owed to the general public. The trial court granted Monroeville's motion and this appeal followed.

Section 303 of the Act provides as follows:

(a)   The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

(b)   In the event injury or death to an employe is caused by a third party, then such employe,

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §481(b).

his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

77 P.S. §481. Section 303(a) bars an employee, absent some exceptions, from bringing a suit at common law against his employer for injuries received in furtherance of the employer's business affairs, and makes the Act the sole and exclusive means for recovering from his employer for such injuries. *Christman v. Dravo Corp.*, 319 Pa. Superior Ct. 378, 383-84 n. 1, 466 A.2d 209, 211 n. 1 (1983). Section 303(b) bars the joinder of an employer by a third-party tortfeasor for purposes of contribution in a suit brought by the employee. *Tsarnas v. Jones & Laughlin Steel Corp.*, 488 Pa. 513, 412 A.2d 1094 (1980).

Sutmire was on his regular patrol when injured. Appellants contend, however, that Sutmire could have sued Monroeville under the "dual capacity doctrine" as recognized by our Supreme Court in *Tatrai v. Presbyterian University Hospital*, 497 Pa. 247, 439 A.2d 1162 (1982) and, therefore, that an action for contribution by Appellants against Monroeville under the same theory should be sustained. Under the "dual capacity doctrine," an employer who is normally shielded from tort

liability under the Act by Section 303 may become liable in tort to an employee if it occupies, in addition to its capacity as employer, a second capacity that confers upon it obligations independent of those imposed upon it as an employer. *Budzichowski v. Bell Telephone Co. of Pennsylvania,* 503 Pa. 160, 469 A.2d 111 (1983). Appellants' argument in this case relies upon the concurring opinion of then-Chief Justice ROBERTS in *Tatrai,* which was joined by three other members of the Court. Justice ROBERTS stated:

> [W]hether Appellant's injury arose in the course of employment is irrelevant to Appellant's right to proceed in trespass and assumpsit. All that is relevant is that appellant was injured in the course of receiving treatment in Appellee's emergency room, a facility serving the general public. In holding itself out to the public as a provider of medical services, Appellee hospital owed a duty to all its patients. There is no basis for distinguishing Appellant, a paying customer, from any other member of the public injured during the course of treatment.

*Tatrai,* 497 Pa. at 255-56, 439 A.2d at 1166. Appellants argue that Monroeville owed Sutmire the duty to provide reasonably safe roads, the same duty it holds vis-a-vis the general public, and, therefore, operated in a dual capacity regarding Sutmire. This argument is without merit.

There is no dispute in this case that Sutmire was at all times in the course and scope of employment, and acting in furtherance of his employer's business. In the present case, assuming without deciding that Appellants could assert rights that Sutmire himself did not assert, Appellants' rights to sue Monroeville certainly could rise no higher than Sutmire's. Therefore, the dual capacity urged upon us by Appellants is essentially that

of employer/employee and municipality/general public. While there may be situations where Monroeville could act in a dual capacity, such is not the case here. Sutmire's injuries resulted solely from the fact that he was performing his duties as a Monroeville policeman. *Taynton v. Dersham,* 358 Pa. Superior Ct. 178, 516 A.2d 1241 (1986). The fact that an employer may also owe a separate duty to the general public is not alone sufficient to create an exception to the immunity provided by Section 303. *Kosowan v. MDC Industries, Inc.,* 319 Pa. Superior Ct. 91, 465 A.2d 1069 (1983).

Since Sutmire would not have been injured but for the fact that he was on duty as a Monroeville police officer, Monroeville was operating solely in its capacity as Sutmire's employer. *Taynton.* Accordingly, the order of the Court of Common Pleas of Allegheny County is affirmed.

ORDER

Now, July 29, 1987, the order of the Court of Common Pleas of Allegheny County, No. G.D. 85-3437, dated June 10, 1986, is hereby affirmed.