## McKnight v. Wilson College

*Robert B. MacIntyre,* for plaintiff.
*Timothy I. Mark,* for defendant.

KAYE, *J.,* March 1, 1991—Peggy J. McKnight has filed suit against Wilson College in an effort to recover compensatory and punitive damages for injuries which she allegedly suffered as the result of a sexual assault which occurred on August 29, 1989, while plaintiff was performing her work duties as a housekeeper for defendant. Plaintiff alleges, *inter alia,* that defendant's negligent failure to warn or to provide adequate security in the building in which the attack occurred was the direct result of her injuries.

Preliminary objections to the complaint have been filed by defendant. Included among the preliminary objections is a challenge to this court's subject matter jurisdiction

on the ground that plaintiff is precluded from filing suit by the exclusivity provision of section 303(a) of the Pennsylvania Workmen's Compensation Act.[1] It is, in fact, undisputed that plaintiff has received worker's compensation benefits for her injuries, has executed a final receipt and has resumed her employment with defendant. For the reasons which follow, we conclude that plaintiff's employment status with defendant acts to bar the tort action filed in this matter.

Section 303(a) of the Act provides, pertinently, as follows:

"The liability of an employer under this Act shall be exclusive and in place of any and all other liability to such employees ... otherwise entitled to damages in any action at law or otherwise on account of any injury ... as defined in section 501(c)(1) and (2)..."

Section 303(a) has been interpreted, as its terms require, to provide the exclusive remedy for a worker against his employer for an injury incurred in the course and scope of his employment. *Lewis v. School District of Philadelphia,* 517 Pa. 461, 538 A.2d 862 (1988). It has been recognized that the exclusivity provision "provides that in return for the benefit of strict liability the employee receives under the Act, the employee surrenders his or her rights to any form of compensation for any injury occurring in the course of employment other than that provided under the terms of the Act." *Tatrai v. Presbyterian University Hospital,* 497 Pa. 247, 250, 439 A.2d 1162, 1163 (1982). (footnote omitted) Similarly, while the Act requires that the employer accept liability without fault for a work-related injury, it also precludes the possibility of a larger damage verdict in a common law action. *Lewis, supra.*

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §481(a).

Plaintiff contends that the "dual capacity doctrine" is applicable to her case and avoids the statutory bar of the exclusivity provision of the Act. The "dual capacity doctrine" provides that an employer, who is normally protected from tort liability by the exclusive remedy provision of the Act, may nevertheless become liable in tort to its employee.

"[I]f it occupies, in addition to its capacity as employer, a second capacity that confers upon it obligations independent of those imposed upon it as employer." *Taynton v. Dersham,* 358 Pa. Super. 178, 185, 516 A.2d 1241, 1245 (1986), *allocatur denied,* 515 Pa. 569, 526 A.2d 1190 (1987). Thus in the case of *Tatrai v. Presbyterian University Hospital,* 497 Pa. 247, 439 A.2d 1162 (1982), it was held that a hospital employee who became ill while at work and was injured while undergoing treatment in the hospital's emergency room, was not barred from instituting a tort action against her employer. Justice Roberts reasoned in his concurring opinion, which constituted the majority opinion of the court, as follows:

"In holding itself out to the public as a provider of medical services, appellee hospital owed a duty to all its patients. There is no basis for distinguishing appellant, a paying customer, from any other member of the public injured during the course of treatment." *Id.* at 255-56, 439 A.2d at 1166.

Subsequent Pennsylvania case law has demonstrated the extremely limited nature of the "dual capacity doctrine." In *Budzichowski v. Bell Telephone Co. of Pennsylvania,* 503 Pa. 160, 469 A.2d 111 (1983), it was held that an employee who sought damages for injuries suffered as the result of allegedly negligent medical treatment at the employer's dispensary was limited to his remedy under the Workmen's Compensation Act. The court distinguished *Tatrai* on the basis that the treatment received

by the worker at the Bell dispensary was not available to the general public, but was limited to Bell employees.

"Bell was not operating in a 'dual capacity,' but rather only in its capacity as employer of appellant. Thus Bell's liability is circumscribed by the Act." *Id.* at 168, 469 A.2d at 115.

More recent case law has changed the analytical focus in "dual capacity" cases away from an analysis of whether the employer was acting in a separate capacity at the time of injury. Instead the analysis initially focuses on whether the employee was acting in the course of his employment. If the injury occurred while the employee was engaged in the performance of his work, the "dual capacity doctrine" is rendered inapplicable. *Callender v. Goodyear Tire and Rubber Co.,* 387 Pa. Super. 283, 564 A.2d 180 (1989), *allocatur denied,* 575 A.2d 560 (1990). Thus, in *Heath v. Church's Fried Chicken Inc.,* 519 Pa. 274, 546 A.2d 1120 (1988), it was held that the employer was immune from a products liability claim brought by an employee who was injured by machinery which her employer manufactured. The court ruled that the fact that the employee was injured while performing her job rendered the "dual capacity" exception inapplicable. Accord, *Lewis v. School District of Philadelphia, supra.*

In the matter now before us, plaintiff alleges that defendant owed a duty to provide adequate security on its premises and that the duty was of the same nature and flowed equally to the general public as it did to plaintiff. Plaintiff contends that there is no reason to distinguish her from any other member of the public.

Plaintiff's argument is closely analogous to that presented in *Coleman v. City of Philadelphia,* 131 Pa. Commw. 605, 571 A.2d 528 (1990). In *Coleman,* a trash

collector was injured when a city street on which he was walking collapsed under him. It was undisputed that at the time of his injury he was engaged in work activities. Coleman argued that the city owed a duty to provide and maintain reasonably safe streets and that this same duty was owed to the public. The court concluded, however, that since Coleman was performing his work duties at the time of the accident and was injured in the course of his employment, his remedy was limited to that available under the Workmen's Compensation Act. Clearly the initial focus must be on whether the employee was engaged in performance of his job at the time of injury. It is important to note that the fact that an employer may owe a duty to the general public is not *alone* sufficient to invoke the "dual capacity" exception to the exclusivity provision of the Act. *Sutmire v. Andrews,* 108 Pa. Commw. 90, 529 A.2d 68 (1987).

Our initial inquiry, therefore, must address whether plaintiff was acting in the course of her employment at the time of the assault. Our review of the alleged facts reveals that plaintiff was indeed engaged in her duties as a housekeeper at the time her injuries occurred. For this reason, we must conclude that the "dual capacity doctrine" is inapplicable to this case. Since plaintiff would not have been injured absent the fact that she was on duty as an employee of defendant, it is clear that defendant was acting solely in its capacity as plaintiff's employer when the injury occurred. We will, accordingly, sustain defendant's preliminary objection[2] and dismiss plaintiff's complaint for lack of subject matter jurisdiction.

---

2. Given our disposition of defendant's jurisdictional objection, we need not address the remaining motions to strike and for a more specific pleading.

## ORDER

Now, March 1, 1991, the defendant's preliminary objection raising a question of jurisdiction is sustained and the above-captioned action is hereby dismissed.