## Sherman v. Suburban General Hospital

*Marvin Haber,* for plaintiff.
*John Warner,* for defendant.

CORSO, *J.,* March 31, 1992—This opinion is necessitated by the appeal of plaintiffs, Michele Sherman and Harold Sherman, to the Superior Court of Pennsylvania from the court's order dated February 4, 1992, granting summary judgment in favor of the defendant, Suburban General Hospital.

The facts may be summarized as follows:

On December 26, 1989, plaintiff, Michele Sherman, instituted a medical malpractice action against the defendant, Suburban General Hospital, alleging failure to supervise attending physician. The defendant hospital answered the complaint and raised, by way of new matter and amended new matter, the affirmative defense that a general release executed by plaintiff barred plaintiff's claims.[*]

On June 15, 1988, plaintiff executed a release from tort-feasor liability in favor of Lisa Ann Gorman, as well as all claims against any other parties which might arise from the accident. The release was duly witnessed and

---

[*] In addition thereto, the defendant hospital also raised the affirmative defense of the statute of limitations.

notarized at the time of signing. The language of the release is explicit, and reads, in pertinent part:

"[I]n consideration of the sum of $10,000 receipt whereof is hereby acknowledged, do hereby for ourselves, heirs, personal representatives and assigns, release and forever discharge Lisa Ann Gorman and any other person, firm or corporation charged or chargeable with responsibility or liability, their heirs, representatives or assigns, from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action arising from any act or occurrence up to the present time, and particularly on account of all personal injury, disability, property damage, loss or damages of any kind sustained or that we *may hereafter sustain* in consequence of an accident that occurred on or about the 11th day of October, 1987, at or near Morris Road near Pinecroft Place, Whitpain Township.

"To procure payment of the said sum, we hereby declare: that we are more than 18 years of age; that no representations about the nature and extent of said injuries, disabilities or damages made by any physician, attorney or agent of any party hereby released, nor any representations regarding the nature and extent of legal liability or financial responsibility of any of the parties released, have induced us to make this settlement; that in determining said sum there has been taken into consideration not only the ascertained injuries, disabilities and damages, but also the *possibility that the injuries sustained may be permanent and progressive and recovery therefrom uncertain and indefinite, so that consequences not now anticipated may result from the said accident."* (emphasis added)

Pursuant to Pennsylvania Rules of Appellate Procedure 1925(b), plaintiff filed a concise statement of matters complained of on appeal raising the issue whether the tort-

feasor release precluded plaintiff's malpractice claim against the defendant hospital.

Pennsylvania Rule of Civil Procedure 1035(b) states the criteria for granting a motion for summary judgment. The Rule provides:

"(b) The adverse party, prior to the day of hearing, may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages." 42 Pa.R.C.P. 1035(b)

A motion for summary judgment places at issue pleadings, deposition, answers to interrogatories, admissions and affidavits and will summarily dispose of the litigation before trial where the moving party is entitled to a judgment as a matter of law. *Giddings v. Tartler,* 130 Pa. Commw. 175, 657 A.2d 175 (1989). A party is entitled to summary judgment when there are no material facts in dispute and the moving party has clearly established their entitlement to such judgment. *Coleman v. City of Philadelphia,* 131 Pa. Commw. 605, 571 A.2d 528 (1990).

An unambiguous general release which by its terms discharges all claims and parties thereto constitutes an affirmative defense, and a proper basis to grant a motion for summary judgment. *Buttermore v. Aliquippa Hospital,* 522 Pa. 325, 561 A.2d 733 (1989). In *Buttermore,* the issue before the Pennsylvania Supreme Court was whether a plaintiff's signing of a general release precluded them from suing a party, not specifically named therein, where the plaintiff asserts that they had no intention of

releasing parties other than those specifically named. The plaintiff in *Buttermore* was injured in an automobile accident and subsequently executed a general release of all claims arising from the accident. Thereafter plaintiff instituted suit against the hospital that treated the injuries he sustained in the accident. The *Buttermore* release reads as follows:

"I/We being of lawful age, for myself/ourselves, my/our heirs, administrators, executors, successors and assigns, hereby remise, release, acquit and forever discharge Frances Moser, et al. His/her successors and assigns, and/or his, her, their, and each of their associates, heirs, executors and administrators and any and all other persons, associations and/or corporations, whether known or unknown, suspected or unsuspected, past, present and future claims, demands, damages, actions, third-party actions, causes of action, or suits at law or in equity, indemnity of whatever nature, for or because of any matter or thing done, omitted or suffered to be done, on account of or arising from damage to property, bodily injury or death resulting or to result from an accident which occurred on or about the 3rd day of December, 1981 at or near Aliquippa, Pennsylvania for which I/we have claimed the said Frances Moser, et al. to be legally liable, but this release shall not be construed as an admission of such liability." *Id.* at 327, 561 A.2d at 734.

The court granted summary judgment in favor of the hospital holding that the release was effective to release unnamed tort-feasors even if such was not contemplated by plaintiff at the time of signing. In ruling on the appropriateness of a summary judgment motion the Supreme Court reasoned:

"[T]he effect of a release must be determined from the ordinary meaning of its language. *Estate of Bodnar,* 472 Pa. 383, 372 A.2d 746 (1977). In *Hasselrode v.*

*Gnagey,* 404 Pa. 549, 172 A.2d 764 (1961), this court held that a release given to a particular individual and 'any and all other persons ... whether herein named or not' was applicable to all tort-feasors despite the fact they were not specifically named." *Id.* at 327, 561 A.2d at 734. (citation omitted and emphasis added)

"If such a release can be nullified or circumvented, then every written release and every written contract or agreement of any kind no matter how clear and pertinent and all-inclusive, can be set aside whenever one of the parties has a change of mind or whenever there subsequently occurs a change of circumstances which were unforeseen, or there were after-discovered injuries, or the magnitude of a releaser's injuries was unexpectedly increased, or plaintiff made an inadequate settlement. It would make a mockery of the English language and of the law to permit this release to be circumvented or held to be nugatory." *Buttermore* at 328, 561 A.2d at 735.

The facts of this case and *Buttermore* are nearly identical. In both cases plaintiffs executed a general release in favor of an individual tort-feasor. In both cases plaintiffs commenced a second suit against the hospital and doctors for alleged negligent treatment of the injuries they sustained in the accident. The language of the instant release and the *Buttermore* release is strikingly similar. Both defendants moved for summary judgment based upon a general release contending that same precluded subsequent action against them. The court opined that it is the individual parties' choice to agree to include or exclude particular terms in a release as they find suitable. If the parties agree to settle, then the matter is concluded, but it is within their sole discretion to elect the language which will so bind them. "However improvident their agreement may be ... absent fraud, accident or mutual

mistake, [it] is the law of their case." *Buttermore* at 328, 561 A.2d at 735.

Thus taking the entire record in the light most favorable to the plaintiff, this court finds no genuine issue of material fact to be resolved at trial. Plaintiff signed a release which clearly bars this suit against the defendant hospital. The requirements of Rule 1035(b) have been met entitling defendant to summary judgment as a matter of law.

Based upon the foregoing, the order of February 7, 1992, granting summary judgment should be affirmed.