[No. C009211. Third Dist. Nov. 21, 1991.]

RUSSELL COLOMBO et al., Plaintiffs and Appellants, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

**COUNSEL**

Barr, Newlan & Sinclair, Barr, Sinclair & Hill and John D. Barr for Plaintiffs and Appellants.

Joseph A. Montoya, Ronald I. Harrison, Milton B. Kane, Charles E. Spencer, Jr., William M. McMillan and Pamela A. Babich for Defendants and Respondents.

**OPINION**

**SCOTLAND, J.**—This case presents the question whether the State of California can be an employer for purposes of a workers' compensation claim by a state employee injured during the course of his employment with one state department *and* a third party tortfeasor for purposes of the employee's civil action at law alleging that his injuries were proximately caused by the negligence of workers of a separate department of state government.

While on duty as a California Highway Patrol traffic officer, plaintiff Russell Colombo was called upon to investigate an accident on State Route 99. As he stood near one of the vehicles involved in the accident, Officer Colombo was struck by a car traveling on the highway. The driver of the car

which struck the officer allegedly had lost control of the vehicle due to the icy condition of the roadway.

Having sustained serious injuries, Officer Colombo filed a workers' compensation claim, listing the State of California Department of Highway Patrol (CHP) as his employer. In addition, after presenting a claim to the California State Board of Control in compliance with the Government Tort Claims Act (Gov. Code, § 810 et seq.), he filed a personal injury action against the State of California and its Department of Transportation (DOT), alleging that the DOT was negligent in allowing ice to accumulate on a bridge deck near the accident, thereby creating a dangerous condition of which it purportedly had notice. The second amended complaint further alleged that this dangerous condition, coupled with alleged design defects in the highway and the lack of warning signs, resulted in the loss of control of the car which struck Officer Colombo and proximately caused his injuries. His spouse, plaintiff Toni Colombo, claimed damages for loss of consortium.

Defendants DOT and State of California demurred to the second amended complaint, contending inter alia that the superior court lacked subject matter jurisdiction over the action because workers' compensation is plaintiffs' exclusive remedy against plaintiff Russell Colombo's employer, the State of California, an entity which encompasses both the CHP and DOT. Plaintiffs opposed the motion, arguing that workers' compensation was not the sole remedy because the DOT and CHP are two separate and distinct departments of the state. In plaintiffs' view, the State of California is akin to a multi-enterprise corporation which may be an employer in one capacity and a third party tortfeasor in another capacity.

The trial court sustained the demurrer without leave to amend and dismissed the action against defendants DOT and State of California. On appeal, plaintiffs reassert their contention that, under the circumstances of this case, the State of California can be both an employer for the purposes of workers' compensation laws and a third party tortfeasor for the purposes of a personal injury action at law. We disagree and shall affirm the judgment.

## DISCUSSION

With limited exceptions not pertinent here, workers' compensation is an employee's exclusive remedy against the employer when the employee is injured while acting within the course of his or her employment. (Lab. Code, §§ 3600, 3601, 3602; further statutory references are to the Labor Code unless otherwise specified.) However, the workers' compensation claim does not affect the employee's right to bring an action against any person *other*

*than the employer* and certain coemployees for damages proximately resulting from the injury. (§§ 3601, 3852.)

Plaintiffs concede that as a CHP traffic officer, Russell Colombo is an employee of defendant State of California, that he was injured while acting within the course of his employment, and that he has filed a workers' compensation claim concerning his injuries. Nevertheless, citing *Gigax* v. *Ralston Purina Co.* (1982) 136 Cal.App.3d 591 [186 Cal.Rptr. 395], plaintiffs contend they have an independent cause of action at law against the state and its DOT due to negligence by DOT employees which proximately caused Officer Colombo's injuries.

In *Gigax*, the employee-plaintiff worked as a laborer for Van Camp Seafood Company (Van Camp), a California corporation. While he was cleaning a hydraulic conveyor belt machine, it suddenly started and amputated the employee's arm at the elbow. The conveyor belt was designed and manufactured by defendant Ralston Purina Company (Ralston), a Missouri corporation. The employee pursued his workers' compensation remedy against Van Camp and instituted a common law damage action against Ralston as a third party tortfeasor. Upon Ralston's factual representation that Van Camp was a division of Ralston and not a subsidiary corporation, the trial court granted summary judgment in Ralston's favor, concluding that Ralston was the injured worker's employer and workers' compensation was the exclusive remedy. (136 Cal.App.3d at pp. 594-596.)

The appellate court reversed, concluding there was a triable issue of fact as to whether an employer-employee relationship existed between the injured worker and Ralston. The court noted that, with the advent of multiunit enterprises, discrete business entities have been concentrated under the umbrella of large conglomerates. However, the mere fact that a company may fall within the holdings of a parent corporation does not, as a matter of law, make the parent an employer of all the workers of those companies under its umbrella. (136 Cal.App.3d at pp. 598-607.) "[A company's] separateness from or oneness with the parent corporation depends upon the unique factual relationships in each case. The degree of separation between the parent and the subsidiary entity, whether a true subsidiary or simply a division of a larger integrated whole, is again a factual matter." (*Id.*, at p. 602.) The pertinent factor as to whether an employer-employee relationship exists is the right of control. (*Id.*, at p. 599.) Viewing the evidence

presented on the motion for summary judgment, the court of appeal concluded that the facts did not demonstrate that Van Camp was merely a smaller part of an integrated Ralston whole. Rather, they suggested that Van Camp acted and operated as a separate business entity, totally distinct in location, function and identity from its corporate parent, Ralston. (*Id.*, at p. 602.) In other words, the evidence was susceptible to the conclusion that Ralston had no right of control over the injured worker in the sense of an employer-employee relationship. Accordingly, a trier of fact could conclude that, in Ralston's multienterprise organization, Van Camp was the employer and Ralston, as a separate business entity, was a third party tortfeasor. (*Id.*, at pp. 602-607.)

 Plaintiffs attempt to draw an analogy between the State of California, with its DOT and CHP, and a multiunit enterprise such as Ralston. They argue that the CHP and DOT are separate entities within state government, each with distinct responsibilities, and contend that only the CHP had control over Officer Colombo's status as an employee. The DOT had no right to hire, fire, promote, or otherwise affect his employment status. Thus, plaintiffs assert the state can be an employer in one "business" and a third party tortfeasor in another. The analogy fails.

As a CHP traffic officer, Russell Colombo is a civil service employee of the State of California, paid by the state, not the CHP. (See Cal. Const., art. VII, § 1; Gov. Code, §§ 3301, 3526, 18526; Veh. Code, § 2250 et seq.; *Martin* v. *Henderson* (1953) 40 Cal.2d 583, 589 [255 P.2d 416].) While the CHP has the supervisory authority over its traffic officers, another entity of the state, the State Personnel Board, has the ultimate say over appropriate punitive sanctions in employee disciplinary actions if the CHP's determination is disputed by its employee. (Gov. Code, § 19570 et seq.) Likewise, DOT employees are civil service employees of the state. The fact that the departments perform different functions for the State of California does not mean they are akin to separate business entities within a multiunit corporate enterprise. As part of the Business, Transportation and Housing Agency of state government (Gov. Code, §§ 13975, 14001; Veh. Code, § 2100), both departments and their employees are agents of the state. (See *Bettencourt* v. *California Toll Bridge Authority* (1954) 123 Cal.App.2d 943 [266 P.2d 205].) Hence, lawsuits against state agencies are in effect suits against the state. (See Gov. Code, §§ 900.6, 940.6; *Bacich* v. *Board of Control* (1943) 23 Cal.2d 343, 346 [144 P.2d 818].) As a matter of law, it is the State of California which is the employer with the right of control over employees of both the CHP and DOT. (See *Walker* v. *San Francisco* (1950) 97 Cal.App.2d 901 [219 P.2d 487].)

In *Walker*, a firefighter was killed when his fire truck collided with a streetcar operated by a municipal streetcar employee. Both the firefighter and the streetcar employee were employed by the City and County of San Francisco. The decedent's widow and daughters brought a negligence action against the city and county. On appeal from a judgment on the pleadings, they claimed that workers' compensation was not the exclusive remedy because the municipal railway was operated by San Francisco in its proprietary capacity, while fire protection is a governmental function. (97 Cal.App.2d at p. 902.) Thus, they suggested the case presented an analogy to a large, parent corporation which owns a smaller corporation, and argued that where an employee of the larger corporation is injured by an employee of the smaller company, the injured employee should not be relegated solely to workers' compensation simply because the smaller company is owned by the larger corporation. (*Id.*, at pp. 903-904.)

The *Walker* court was unpersuaded, seeing a clear distinction between two separate corporate entities and a single governmental entity. (97 Cal.App.2d at pp. 904-908.) Noting that the City and County of San Francisco was the employer of both the decedent and the allegedly negligent streetcar operator, the court concluded that workers' compensation was the sole remedy. (*Ibid.*)

Such is the case here. Plaintiff Russell Colombo was an employee of the State of California, as were the DOT employees whose alleged negligence purportedly caused his injuries. Because the state was his employer, Officer Colombo was precluded from bringing an action at law against the State, via its DOT. (§§ 3600, 3601, 3602, 3852.) Since workers' compensation is the exclusive remedy, the trial court properly sustained the state's demurrer without leave to amend. ■ "Where the complaint affirmatively alleges facts indicating coverage by the workers' compensation laws, if it fails to state additional facts negating application of the exclusive remedy provision, no civil action will lie and the complaint is subject to a general demurrer. [Citations.]" (*Roberts* v. *Pup 'N' Taco Driveup* (1984) 160 Cal.App.3d 278, 284 [206 Cal.Rptr. 533].)

■ Because plaintiff Russell Colombo's action at law is barred, so too is plaintiff Toni Colombo's claim. (*Cole* v. *Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 162-163 [233 Cal.Rptr. 308, 729 P.2d 743].) ■ "[W]here the injury to the employee results in a loss of consortium or services to his or her spouse, the spouse has no independent civil action against the employer. [Citations.]" (*Bell* v. *Macy's California* (1989) 212 Cal.App.3d 1442, 1452 [261 Cal.Rptr. 447]; §§ 3600, 3602.)

## DISPOSITION

The judgment is affirmed. As the prevailing party, the State of California is awarded its costs on appeal.

Puglia, P. J., and Nicholson, J., concurred.

Appellants' petition for review by the Supreme Court was denied February 13, 1992.