[No. A062313. First Dist., Div. One. Sept. 8, 1994.]

CECILY KAGY, Plaintiff and Appellant, v.
NAPA STATE HOSPITAL et al., Defendants and Respondents.

**COUNSEL**

Patricia A. Gray, Phyllis A. Newton, Nancy J. LoDolce and John Houston Scott for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Robert L. Mukai, Chief Assistant Attorney General, Marvin Goldsmith, Assistant Attorney General, Tyler B. Pon, Craig Modlin and Helen Sweeny Beardsworth, Deputy Attorneys General, for Defendants and Respondents.

## OPINION

STEIN, J.—Cecily Kagy appeals from the order of the superior court denying her petition for leave to file a late claim against Napa State Hospital and various members of its staff.

The claim, in essence, alleged that on January 1, 1992, Kagy was seriously injured due to the negligence of the hospital and its staff. It alleged that as of that date Kagy had been deemed an incompetent, and was a patient at the hospital. She was considered a high risk for suicide, and had a history of ingesting foreign objects in attempts to kill herself. On January 1, Kagy ingested a sharp pencil which she alleged had been given to her by a hospital employee. The pencil perforated Kagy's lung, causing her serious injury. More than one year later, on January 14, 1993, Kagy filed an application for leave to file a late claim with the State of California. When her application was not granted within 45 days, she filed the instant petition with the superior court.[1]

### DISCUSSION

An individual is entitled to bring a lawsuit against a public entity for personal injuries only if she first has presented a written claim to the public entity involved, and either that entity has acted upon the claim or the claim has been deemed to have been rejected. (§ 945.4.)[2] Under section 911.2, the claim must be presented within six months of the accrual of the cause of action. A claimant who has failed to file a claim within the six-month claim period may make written application to the public entity for leave to present a late claim. (§ 911.4, subd. (a).) The application for leave to file a late claim must be granted if it was timely filed and the claim was late for one of the reasons set forth in section 911.6, subdivision (b). If the public entity denies leave to present a late claim, a petition may be filed in the court otherwise having jurisdiction in the action for an order relieving the petitioner of the requirement of filing a claim. (§ 946.6, subd. (a).) The court shall grant relief

[1]Under Government Code section 911.6, subdivision (c), an application for leave to file a late claim shall be deemed to have been denied if it is not acted on 45 days from the date of filing.

[2]Unless otherwise indicated all statutory references are to the Government Code.

if it finds that application was made within a reasonable time not to exceed that specified in subdivision (b) of section 911.4, was denied or deemed denied pursuant to section 911.6, and was late for one of the reasons specified in section 911.6, subdivision (b). (§ 946.6, subd. (c); and see *Reyes* v. *County of Los Angeles* (1988) 197 Cal.App.3d 584, 589-590 [243 Cal.Rptr. 35]; and *Toscano* v. *County of Los Angeles* (1979) 92 Cal.App.3d 775, 781-782 [155 Cal.Rptr. 146].) ██ Finally, when the application to file a late claim was not itself timely filed, the court is without jurisdiction to grant relief. (*Greyhound Lines, Inc.* v. *County of Santa Clara* (1986) 187 Cal.App.3d 480, 488 [231 Cal.Rptr. 702].)

Kagy failed to present her claim within the six-month limitation period of section 911.2. She therefore applied for leave to present a late claim under section 911.4. Her application should have been granted if (1) she filed it within the time limits of section 911.4, subdivision (b), and her claim was late for one of the reasons set forth in section 911.6, subdivision (b). As her reasons for failing to file a timely claim Kagy stated (1) that she had been a minor during all of the time for presentation of the claim,[3] and (2) that she had been mentally incapacitated during all of the time period for presentation of the claim. Either excuse is recognized by section 911.6, subdivision (b) as a valid reason for failing to file a timely claim. (§ 911.6, subd. (b)(2) and (3).) Respondent, however, asserts that Kagy properly was denied relief because she failed to file her application within the time limits of section 911.4.

Section 911.4, subdivision (b) provides: "The application shall be presented to the public entity . . . within a reasonable time not to exceed one year after the accrual of the cause of action . . . . In computing the one-year period under this subdivision, time during which the person who sustained the alleged injury . . . is a minor shall be counted, but the time during which he is mentally incapacitated and does not have a guardian or a conservator of his person shall not be counted." ██ Section 911.4, therefore, recognizes that an injured person may choose not to apply for leave to file a late claim, but contemplates that the choice should be made by someone having the capacity to make an intelligent choice. A minor has parents who can make that choice, and thus the time period is not tolled for the time during which the claimant is a minor. For the same reason the time during which the claimant is mentally incapacitated is not counted, except that it will be counted if the claimant's interests can be protected and represented by a guardian or conservator. This rationale was recognized by the court in *Hernandez* v. *County of Los Angeles* (1986) 42 Cal.3d 1020, 1026-1027 [232 Cal.Rptr. 519, 728 P.2d 1154], holding that the time period is not tolled for

---

[3]Kagy was injured on January 1, 1992, and did not turn 18 until June 20, 1992.

any time during which the claimant is both mentally incapacitated *and* a minor. "[S]ection 911.4 makes it quite clear that the time for filing a late claim is *not* to be tolled simply because the injured person is a minor; the section plainly demonstrates that the Legislature contemplated that a minor's parent would file such an application on his behalf and that a formal court appointment was unnecessary for this purpose. [¶] Accordingly, viewing the statutory provision as a whole, we conclude that, unlike a mentally incapacitated adult who lacks a guardian, a mentally incapacitated minor must generally file a late-claim application no later than one year after the accrual of his cause of action." (Original italics.)

In the present case, the public guardian had been appointed to serve as conservator of Kagy's person as of October 30, 1991; i.e., prior to Kagy's injury. She was not declared competent until September 1992. ■ There is little law on the authority of a public guardian serving as conservator of the person, but it does not appear that such an entity has the authority to prosecute civil claims or lawsuits on behalf of the conservatee. Thus, Probate Code section 2351, subdivision (a) provides that a conservator of the person has "the care, custody, and control of, and has charge of the education of, the ward or conservatee." The Probate Code expressly gives such conservator the "same right as a parent having legal custody of a child" to consent to medical treatment (Prob. Code, § 2353, subd. (a)), but does not expressly give the conservator any power to protect the conservatee's interests through court action. In contrast, a conservator of the *estate* is given such power. (Prob. Code, § 2462.) In addition, as Kagy points out, the public guardian does not have the same interest in prosecuting a claim, or otherwise protecting the assets of a conservatee as does a parent or conservator of the estate.[4] ■ It is true that section 911.4, subdivision (b) does not except public guardians or conservators of the person (indeed, it specifically alludes to conservators of the person). The rationale behind its tolling provisions, however, compels the conclusion that the time period should be tolled for any time during which the claimant's only representative is the public guardian or other conservator of the person—at least when such guardian or conservator lacks the authority to prosecute the claim. It is well settled that in construing a statute, the goal is to effect the objectives of the law, and once a particular legislative intent has been ascertained, it must be given effect even though it may not be consistent with the strict letter of the statute. (*Friends of Mammoth* v. *Board of Supervisors* (1972) 8 Cal.3d 247, 259 [104 Cal.Rptr. 761, 502 P.2d 1049]; *Meaney* v. *Sacramento Housing & Redevelopment Agency* (1993) 13 Cal.App.4th 566, 580-581 [16 Cal.Rptr.2d 589].) We, accordingly, hold that the one-year period for filing an application to file a late claim will be tolled for any period during which the

---

[4]Kagy argues that a conflict of interest is created if the public guardian is deemed responsible for protecting the claimant's interests against another public entity.

claimant is mentally incapacitated and has no conservator or guardian other than one lacking the authority to prosecute the claim. Moreover, under Welfare and Institutions Code sections 5354.5 and 5356, a public guardian will be appointed only upon a finding that "no other person or entity is willing and able to serve as conservator." Therefore, a showing by the claimant that her only representative is the public guardian as conservator of the person is prima facie evidence that no one has the authority to prosecute her claim.

Here, it appears that Kagy had no one to represent her interests during a significant period of time. Even if it might be assumed that, notwithstanding the appointment of the public guardian, Kagy's parents were able to represent her interests during the period of her minority, that period ended on June 20, 1992. It follows that for at least a two-to-three-month period Kagy's interests were represented only by the public guardian, who not only had no power to file a claim on her behalf, and no apparent interest in doing so, but may not even have had notice of Kagy's injuries. Under section 911.4 this period of time should not have been included in calculating the one-year limitation period for filing an application to file a late claim. Discounting that period of time, Kagy did file her application within one year of her injury. Her petition should have been granted.

The order denying Kagy's petition for leave to file late claim is reversed, and the superior court is directed to enter a new order granting Kagy's petition. Kagy is awarded her costs on appeal.

Strankman, P. J., and Newsom, J., concurred.

On October 11, 1994, the opinion was modified to read as printed above.