[No. B095171. Second Dist., Div. Six. Nov. 21, 1996.]

BRETT KEVIN RIDDELL, Plaintiff and Respondent, v.
THE STATE OF CALIFORNIA, Defendant;
S. KIMBERLY BELSHÉ, as Director, etc., Claimant and Appellant.

**COUNSEL**

Daniel E. Lungren, Attorney General, John H. Sanders and James F. Ahern, Deputy Attorneys General, for Claimant and Appellant.

James R. Nichols, Jr., for Plaintiff and Respondent.

**OPINION**

**GILBERT, J.**—Welfare and Institutions Code section 14124.70 et seq., allows the Department of Health Services of the State of California to recover Medi-Cal benefits paid to a beneficiary who is injured by a third party.[1] But what if the tortfeasor is another department of the State of California? May the Department of Health Services obtain a lien against the proceeds of a pretrial settlement between the Medi-Cal beneficiary and the state? We hold that it can. We also hold that the provisions of Government Code section 985, subdivision (f), allowing the trial court to reduce the amount of the Medi-Cal lien, do not apply to a pretrial settlement. We reverse.

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise stated.

## FACTS

Brett Kevin Riddell was injured in an automobile accident. He received Medi-Cal benefits for the treatment of his injuries.

He brought an action against the Department of Transportation of the State of California (hereinafter Transportation) alleging that an unsafe bridge on Highway 101 was the cause of his injuries. The trial court ordered a representative of the Department of Health Services (hereinafter Health Services) to appear as the Medi-Cal lienholder at the settlement conference.

Attorneys for both Transportation and Health Services appeared at the conference. Riddell and Transportation agreed to settle the case for $290,000. Riddell and Transportation also stipulated that Riddell was 80 percent at fault. Health Services' attorney brought up the question of its Medi-Cal lien. Because there was no formal claim of lien on file, the trial court declined to consider the matter.

After the conference, Health Services filed a formal notice of Medi-Cal lien. It claimed $45,559.34, less attorney's fees and its share of costs for a total of $31,116.58. Riddell refused to honor the claim and Health Services brought a motion to enforce its lien pursuant to section 14124.70 et seq.

Riddell opposed the motion on the ground that section 14124.70 et seq. applies only to claims for Medi-Cal reimbursement against third party tortfeasors. He argued that because Transportation and Health Services are departments of the same party, the State of California, the sections did not apply. Instead Riddell posited that Government Code section 985 applied, and he believed that under section 985 the trial court had the discretion to reduce or eliminate the Medi-Cal lien.

The trial court agreed with Riddell. In light of the severe injuries suffered by Riddell, the court reduced the amount of the lien to zero.

## DISCUSSION

 Where Medi-Cal benefits are provided to a beneficiary because of an injury for which another person is liable, section 14124.71[2] authorizes Health Services to bring an action against the person liable to recover the

---

[2]Section 14124.71, subdivision (a) provides:

"When benefits are provided or will be provided to a beneficiary under this chapter because of an injury for which another person is liable, or for which a carrier is liable in accordance with the provisions of any policy of insurance issued pursuant to Insurance Code Section 11580.2, the director shall have a right to recover from such person or carrier the reasonable

reasonable value of the benefits. *Kizer* v. *Ortiz* (1990) 219 Cal.App.3d 1055, 1058 [268 Cal.Rptr. 666], interprets section 14124.71 to apply to entities as well as persons.

Section 14124.74, subdivision (a) allows Health Services a first lien against a judgment or award obtained in a "suit or claim against a third party or [insurance] carrier" where the action or claim is prosecuted by the Medi-Cal beneficiary alone.[3]

Section 14124.78 makes it clear that the entire amount of any settlement of the beneficiary's action is subject to a Medi-Cal lien.

The question is whether a division of the state is a "third party" within the meaning of the statute. Riddell argues that there are only two parties here, himself and the state. There is no doubt that Transportation and Health Services are simply two parts of the same entity: the State of California. This fact does not deprive Health Services of its lien rights.

■ "[I]n construing a statute, the goal is to effect the objectives of the law, and once a particular legislative intent has been ascertained, it must be given effect even though it may not be consistent with the strict letter of the statute. [Citations.]" (*Kagy* v. *Napa State Hospital* (1994) 28 Cal.App.4th 1, 6 [33 Cal.Rptr.2d 741].)

■ The focus of the entire statutory scheme found in section 14124.70 et seq. is the recovery of Medi-Cal funds. Section 14124.74 refers to a claim against a "third party," but does not define that term. Section 14124.71, subdivision (a) gives us a clue as to what "third party" means. The section allows Health Services to recover the reasonable value of benefits provided

value of benefits so provided. The Attorney General, or counsel for the fiscal intermediary under the Medi-Cal program with the permission of the Attorney General, or a contractor pursuant to Section 14124.80, or a county through its civil legal adviser, may, to enforce such right, institute and prosecute legal proceedings against the third person or carrier who may be liable for the injury in an appropriate court, either in the name of the director or in the name of the injured person, his guardian, conservator, personal representative, estate, or survivors."

[3]The text of section 14124.74, subdivision (a) provides:

"In the event of judgment or award in a suit or claim against a third party or carrier:

"(a) If the action or claim is prosecuted by the beneficiary alone, the court or agency shall first order paid from any judgment or award the reasonable litigation expenses incurred in preparation and prosecution of the action or claim, together with reasonable attorney's fees, when an attorney has been retained. After payment of these expenses and attorney's fees the court or agency shall, on the application of the director, allow as a first lien against the amount of the judgment or award, the amount of the director's expenditures for the benefit of the beneficiary under the Medi-Cal program, as provided in subdivision (d) of Section 14124.72, and as a second lien, the amount of any claims, pursuant to Section 14019.3, owed to a provider, as provided in Section 14124.791."

to a beneficiary because of an injury "for which another person [or entity] is liable." This means that if any person or entity other than the beneficiary is responsible for the injury, Health Services is entitled to reimbursement. Of course when the beneficiary is solely responsible for his injuries, Health Services receives no reimbursement.

Moreover, there is no reason to believe the Legislature intended to treat victims of the state's negligence differently than victims of any other party's negligence. If the Legislature did intend different treatment, it is certainly capable of saying so more clearly than by the term "third party." Here it is undisputed that the settlement entered into by Transportation and Riddell did not encompass the recovery of Medi-Cal funds. To hold that Medi-Cal lien statutes do not apply under those circumstances would both deprive the state of reimbursement and provide a benefit to the victim not enjoyed by victims of non-state tortfeasors. Neither result was contemplated by the Legislature.

Riddell argues that if Health Services has Medi-Cal lien rights in cases where the state is the tortfeasor, Government Code section 985 provides the proper mechanism for recovering Medi-Cal funds. Riddell prefers Government Code section 985 because, unlike section 14124.70 et seq., it allows the trial court to reduce reimbursement to take into account such matters as plaintiff's comparative fault. (Gov. Code, § 985, subd. (f)(3)(A).)

Government Code section 985 concerns the treatment of "collateral source payments" in actions against public entities. Medi-Cal payments are included within the definition of a collateral source. (Gov. Code, § 985, subd. (f)(1).) The heart of section 985 is subdivision (b).[4] It states that a collateral source payment is inadmissible in an action against a public entity for personal injuries or wrongful death. After a "verdict has been returned"

---

[4]Government Code section 985, subdivision (b) provides:

"Any collateral source payment paid or owed to or on behalf of a plaintiff shall be inadmissible in any action for personal injuries or wrongful death where a public entity is a defendant. However, after a verdict has been returned against a public entity that includes damages for which payment from a collateral source listed below has already been paid or is obligated to be paid for services or benefits that were provided prior to the commencement of trial, and the total of the collateral source payments is greater than five thousand dollars ($5,000), that amount to be increased 5 percent compounded on January 1, 1989, and each January 1 thereafter, the defendant public entity may, by a motion noticed within the time set in Section 659 of the Code of Civil Procedure, request a posttrial hearing for a reduction of the judgment against the defendant public entity for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to the commencement of trial. The hearing may be noticed with any motions pursuant to Sections 962 and 984 of the Government Code or Section 659 of the Code of Civil Procedure; however, the hearing shall not occur until after the determination of any motions for a new trial, for judgment notwithstanding the verdict, for remittitur, for additur, and after any mandatory settlement conference pursuant to Section 962 of the Government Code."

against a public entity, the public entity may request a "posttrial hearing" for the reduction of the judgment for collateral source payments for services or benefits provided "prior to the commencement of trial."

It is at this posttrial hearing that subdivision (f) of Government Code section 985 allows the trial court to adjust the amount of the Medi-Cal lien. But subdivision (b) makes it clear that there is no such adjustment hearing without a trial and verdict. It provides, "the hearing shall not occur until after the determination of any motions for a new trial, for judgment notwithstanding the verdict, for remittitur, for additur, and after any mandatory settlement conference pursuant to Section 962 of the Government Code." Government Code section 962 provides for a mandatory settlement conference after entry of the verdict.

It is true, as Riddell points out, that Government Code section 985, subdivision (c) allows the trial court to request a collateral source provider to attend a settlement conference, and if it does not attend, the collateral source "shall waive its rights to reimbursement . . . ." But nothing in subdivision (c) or elsewhere in section 985 allows the trial court to impose or adjust reimbursement pursuant to subdivision (f) without a posttrial hearing.

Government Code section 985 represents a compromise between public entities, which would like to have juries hear about collateral source payments, and the plaintiff's bar, which would like to keep that information out of the trial. The statute keeps the information out of the trial, but gives the public entity the possibility of reducing after trial the amount of judgment by the amount of the collateral source payment. The statute was never intended to apply to pretrial settlements.

We conclude that Health Services has a lien pursuant to section 14124.70 et seq., and the lien is not subject to Government Code section 985.

The judgment (order) is reversed. Costs on appeal are awarded to appellant.

Stone (S. J.), P. J., concurred.

**YEGAN, J.**—I respectfully dissent.

Respondent was seriously injured when his car went over the side of a bridge owned and maintained by the State of California. The injuries left him totally disabled. Respondent incurred $200,000 medical expenses, some of which were paid by Medi-Cal.

Respondent filed suit. At a court supervised settlement conference, the State of California, through its Department of Transportation, settled for $290,000 and stipulated that respondent's comparative fault was 80 percent. The State Department of Health Services appeared at the settlement conference but refused to participate. A week later, it filed a Medi-Cal lien for $45,599.34. (Welf. & Inst. Code, § 14124.71.) On June 2, 1995, more than three months after the settlement conference, it moved to enforce the lien.[1]

The trial court reduced the lien to zero on the ground that Welfare and Institutions Code section 14124.71 did not authorize a lien recovery where the settling tortfeasor is the state. It found that the State of California may not "reduce its own liability for damages by dividing itself into two separate entities, and taking back through one entity the damages agreed to be paid by the other. The reality is that both are the State of California. . . . The Department of Transportation is not 'another person' with regard to a right of reimbursement to the Department of Health Services; they are the same 'person'; the State of California."

Applying a commonsense analysis, the trial court came to the correct result. The statutes governing the recovery of Medi-Cal liens are limited to third party claims against tortfeasors other than the State of California. (Welf. & Inst. Code § 14124.71 et seq.) "Under the Medi-Cal program, the state makes payments to health care providers who render medical care and treatment to Medi-Cal beneficiaries. (§ 14000 et seq.) When health care services are provided *because of an injury for which another person or entity is civilly liable*, the Director has the right to recover from such person or entity the reasonable value of the services provided. (§ 14124.71.) When an action is brought by the beneficiary alone, the Department is allowed a first lien, of not more than one-half, on the proceeds, after payment of reasonable litigation expenses and attorney's fees. (§§ 14124.74, 14124.78.)" (*Kizer* v. *Ortiz* (1990) 219 Cal.App.3d 1055, 1058-1059 [268 Cal.Rptr. 666], italics added.)

The State of California's right to recover on the lien is limited to third party liability cases. (Welf. & Inst. Code, § 14124.71 et seq.) But what is a third party? It is not expressly defined in the "definitions" section of article 3.5, entitled, "Third Party Liability." (§ 14124.70.) In my view, the "third party" contemplated by section 14124.71 is any person or entity other than the State of California, who is at fault for the injury.

The majority recognize that the Department of Health Services and Department of Transportation are different departments of the same legal

---

[1]The Medi-Cal lien was reduced to $31,116.58 to compensate respondent for his attorney's fees and costs. (Welf. & Inst. Code, § 14124.72, subd. (d).)

entity. However, by the majority's construction, the Department of Health Services could have sued the Department of Transportation and recovered the reasonable value of the medical services. (Welf. & Inst. Code, §§ 14124.71, 14124.72, 14124.73.) While these two departments may have separate budgets, they do not have separate treasurers. (Gov. Code, § 12320.) "The fact that . . . [separate] departments perform different functions for the State of California does not mean they are akin to separate business entities within a multiunit corporate enterprise. . . . [B]oth departments and their employees are agents of the state. [Citation.]" (*Colombo* v. *State of California* (1991) 3 Cal.App.4th 594, 598 [5 Cal.Rptr.2d 567].)

"It must be conceded that no person can sue himself. [Citation.]" (*Rudnick* v. *Delfino* (1956) 140 Cal.App.2d 260, 266 [294 P.2d 983], citing *Byrne* v. *Byrne* (1892) 94 Cal. 576, 576 [29 P. 1115].) The same principle controls here. The State of California may not sue itself to recover Medi-Cal payments. The Medi-Cal payments and the money to settle respondent's personal injury claim came from the same public entity. (Gov. Code, §§ 900.6, 940.6.)[2]

Like other tortfeasors, the State of California may advance medical payments to the plaintiff and assert a setoff. (E.g., *Scott* v. *County of Los Angeles* (1994) 27 Cal.App.4th 125, 154 [32 Cal.Rptr.2d 643].) Here, the State of California waived the setoff when it settled for $290,000.

Until today, no court has held that the Department of Health Services may enforce a Medi-Cal lien against a settlement paid by the State of California as a tortfeasor. To compound the problem, the majority hold that the trial court had no discretionary power to reduce the Medi-Cal lien. This is at odds with Government Code section 985.

Medi-Cal liens, whether enforced pretrial or posttrial, are the same. Had respondent proceeded to trial and obtained a judgment against the State of California, the trial court could have reduced the lien "on terms as may be just" pursuant to Government Code section 985, subdivision (f)(1). In the alternative, the trial court could have invoked Government Code section 985, subdivision (f)(3) which provides in pertinent part: "In determining the amount to be reimbursed from the judgment to a provider of a collateral source payment, *or the amount by which the judgment will be reduced to account for collateral source payments*, the court shall make the following adjustments: [¶] (A) Where plaintiff has been found partially at fault, the

---

[2]Government Code section 900.6 provides: " 'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller."

reimbursement or reduction shall be decreased by the same percentage as the entire judgment is reduced to take into account the plaintiff's comparative fault." (Italics added.) Assuming that the State of California was found to be 80 percent at fault, the Medi-Cal lien would be reduced to $5,107.13.

Today's decision penalizes the plaintiff who settles and rewards the plaintiff who proceeds to trial and obtains a judgment against the State of California. This is contrary to the policy of California law to encourage settlements. It may well be that the Legislature wants full reimbursement of a Medi-Cal lien where the State of California is the settling "third party tortfeasor." Until it expressly and unambiguously declares, reimbursement should be denied.

I would affirm the judgment.

Respondent's petition for review by the Supreme Court was denied February 5, 1997.